Cabpenter, J.
delivered the opinion of the court.
The place of birth is, in ordinary cases and prima facie, the place of settlement. Children follow the settlement of their parents. In the peculiar case of the children of slaves, born since the 4th day of July, 1804, provision has been specially made by statute. By the 1st section of the act for the gradual abolition of slavery, Elm. Dig. 525, such child ‘‘shall be free, but shall *566 remain the servant of the owner of his or her mother, 'and the executors, administrator or assigns of such owner, in the same manner as if such child had been bound to service by the trustees or overseers of the poor; and shall continue in such service, if a male, until the age of twenty-five years, and if a female, until the age of twenty-one years.” By the 6th section of the act of the 10th of June, 1820, Elm. Dig. 416, 417, such children “ who have not been bound out to service by trustees or overseers of the poor, according to law, shall after the males arrive to the age of twenty-five, and the females to twenty-one years, be deemed settled in the township or place in which they were born;” and the second proviso of the same section declares, that u any such male or female children of slaves shall obtain a legal settlementin thecity, borough, township or precinct, in which such servant shall first serve, with his or her master or mistress for the space of seven years; and if afterwards such servant shall duly sérve in any other place for the space of seven full years, such servant shall obtain a legal settlement in the city, &c., where such service was last performed, either with his or her first master or mistress, or with any other master or mistress, by virtue of a legal transfer of such servant.” Such are the provisions of the statutes, which regulate and ascertain the settlement in this case, unless there has been a service under an indenture of appenticeship, which it appears in case of this class can only be by trustees or overseers of the poor. If bound by trustees or overseers of the poor, then, by the 7th section, Elm. Dig. 417, a settlement may be obtained under any such binding, in the same manner that other persons bound by indenture would obtain the same, under the first section of the act of 1774; that is to say, by service under such binding for one year. But the indenture, so called, is certainly not good as an indenture of apprenticeship, whatever it maybe considered as an assignment of the right of sérvice. The master having no authority to bind, it can be treated in the most favorable light, only as an assignment of the right of service; but certainly did not bring the service within the provision, by wdiich, service under binding of a certain character for one year gives a settlement. The pauper, not having been bound out to service by trustees or overseers of the poor, according to law, and having *567 arrived to the age of twenty-one years, must be deemed settled in Bridgewater, where she was born. Besides, having duly served the owner of her mother, and his assignee Mrs. McCain, in the same township, for more than seven years, she further obtained by this service a legal settlement in Bridgewater ; and is still chargeable to that township, unless a subsequent settlement has been obtained elsewhere. This does not appear. Her service in Franklin, under the second transfer of her services, was for a period much less than seven years, and her settlement in Bridgewater remains unaffected and unchanged. The order of ¡removal was erroneous and with its affirmance in the sessions on appeal must be quashed.
Both orders quashed,
Hqrnblower C. J. and Neviits J. concurred.